CHARLES W. MILLER, ET AL., *v.* THOMAS B. GORHAM'S ADM'X.

**Time of Filing Bill of Exceptions.**

When a party is allowed until a certain day to file his bill of exceptions, a bill filed on the day until which he has obtained the order is filed in time.

**Warranty.**

Where a lot of hogs are sold at public auction and the auctioneer announces at the sale that the hogs would be sold without any warranty of soundness, but that any questions asked as to the property would be truthfully answered as far as was known, and the auctioneer promised that the owner would tell all she knew about the hogs, and it is shown that the owner knew that the hogs had the cholera, or that the lot of which the hogs in dispute were a part had it, it was her duty to disclose such fact to a purchaser, and having failed to do so she cannot collect the purchase price of such hogs.

APPEAL FROM NICHOLAS CIRCUIT COURT.

January 18, 1879.

OPINION BY JUDGE ELLIOTT:

Mrs. Lou B. Gorham, administratrix of the estate of Thomas B. Gorham, brought this action on a note executed to her as such administratrix for the sum of $182.70, due on the first day of September, 1876, and bearing ten per cent. interest after it was due.

The defendant, William M. Miller, Sr., answered and admitted that he is principal on the note sued on; alleged that it was executed for twenty-one head of hogs which, through his agent, he had purchased at plaintiff's sale of stock made in March, 1876.

He says that at the time of said sale the plaintiff caused her auctioneer to publicly proclaim to defendant's agent, who bought the hogs for him, that she did not warrant the hogs to be sound, but that she would disclose all the knowledge she had about them. The answer further states that at the time of the sale the plaintiff knew that the hogs were diseased with cholera, etc. In his rejoinder the

defendant averred that the plaintiff knew that the hogs had the cholera, and did not disclose the fact to defendant's agent, etc.

The first question made by appellee is that the appellants' bill of exceptions cannot be read in the court, because at the close of the trial in the lower court the appellant obtained an order allowing him until the 6th day of the March term, 1878, of the court to produce and file his bill of exceptions, and he did not produce and file his bill of exceptions till on the 6th day of the March term, 1878, and therefore he was a day too late. The appellee contends that the words "until a certain day" does not mean *that* day, but includes the time up to that day. Until a certain day means up to the day, but not to include any part of it.

Suppose that the order had allowed the appellant until the first day of the March term of the Nicholas Circuit Court, 1878, to file his bill of exceptions, and after making this order the fall term of the court had been adjourned as this one did. Could the appellant have filed his bill at all unless permitted to file it on the first day of the March term, 1878? We think not, and we incline to the opinion that when a party is allowed until a certain day to file his bill of exceptions, that a bill filed on the day until which he has obtained the order to file it will be good.

We think that when, on the first day of a term, for instance, a defendant has not his answer ready to the plaintiff's petition, and obtains an order of court extending the time to file it until the second day of the term, an answer filed on the second day of the term would be authorized by the order, and such construction has usually been acted on in the different circuits of the state.

By the second instruction the jury are told that, if they believe from the evidence that plaintiff's auctioneer on the day of sale and before defendant's purchase of the hogs for which the notes were executed, announced publicly within the hearing and presence of the defendants, or either of them, that the stock to be sold by him would be so sold without any warranty of soundness, but that any questions asked as to the property would be truthfully answered as far as was known, and that afterward the defendants bought the hogs for which the note was executed without asking any questions as to the soundness of said hogs, then the defendants are presumed to have purchased on their own judgment and are entitled to nothing under the issue.

We regard this instruction as erroneous. The evidence is abundant that plaintiff knew that hog cholera was amongst the lot of

hogs which she on that day offered for sale, and that several of them had died, and there is evidence conducing to prove that the hogs in dispute were diseased on the day of sale. And one witness proves that the auctioneer promised that they, the plaintiff and her agents, would tell all they knew about the hogs.

Under such circumstances, if Mrs. Gorham knew that the hogs had the cholera, or the lot of which the hogs in dispute were a part had the cholera, it was her duty to make such disclosure to the crowd of bidders, either by herself or auctioneer, and she could not remain away from the place of sale and shield herself of a plain duty behind the auctioneer's statement that she would answer such questions as were asked her, when she was not present to answer any questions, although according to the evidence she was full of information on the subject; and especially should this instruction have been refused when there is evidence conducing to prove that the auctioneer promised that the vendor would disclose her knowledge of the condition of the hogs to the bidders, which was not done.

The record of the proceedings of the fall term of the Nicholas Circuit Court, 1877, was not signed until the first day of its March term, 1878, and it contained in favor of appellants an order granting them an appeal.

On the second day of the March term, 1878, appellants moved to set aside this order granting an appeal, which was refused. It seems that the clerk had made the order without the directions of appellants' attorneys, but we think he was authorized to do so, for they had appeared before him and executed an appeal bond by which they had acknowledged that they had before that time prayed an appeal, and we think the court properly decided that appellants, after having executed an appeal bond, should not be permitted to stultify the admission which its execution implies, by showing that they had not authorized the order for an appeal.

As this suit was brought by the appellee in her fiduciary capacity, and as the counter-claim is against her in such capacity, the defendant can recover on his counter-claim in no event more than the amount of the claim sued on.

The appeal from the judgment on motion to set aside the order granting the appeal is therefore *affirmed.* But on defendant's appeal from the judgment for the amount of the note sued on the judgment is *reversed* and cause remanded for further proceedings consistent with this opinion.

*Hargis & Nowell, W. Lindsay, for appellants.*
*A. Duvall, Ross & Kennedy, for appellee.*